IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARA D. SHORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-1694-M |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Kara D. Shorter ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

Plaintiff's sole claim of error in this case relates to the ALJ's failure to evaluate Plaintiff's alleged mental impairment. Due to the limited scope of Plaintiff's claim of error – error which is apparent from a reading of the ALJ's decision[1] alone – neither a detailed recitation of the administrative background of the proceedings nor a summary of the medical records contained in the approximately 500 page record is required.

**Discussion**

Consistent with Plaintiff's filings during the application process, ALJ Parrish's decision reflects Plaintiff's allegation that she was disabled, in part, as a result of a mood disorder [Tr. 17]. Despite having acknowledged this claimed mental impairment, at no point in his decision does

---

[1][Tr. 17 - 23].

the ALJ conduct the required evaluation of the claimed mental impairment to determine its severity. *See* 20 C.F.R. § 404.1520a(a) ("[W]hen we evaluate the severity of mental impairments for adults . . . we must follow a special technique at each level in the administrative review process.").[2] In fact, the ALJ references the claimed impairment only one more time in the course of his decision and then to simply state that, "She does not suffer from a mental problem." [Tr. 20].[3]

The Commissioner maintains that substantial evidence demonstrates that Plaintiff's mental impairment did not cause significant limitations in her ability to perform work-related tasks [Doc. No. 15, page 4]. Acknowledging that "Plaintiff carried a diagnosis of depression," the Commissioner argues, nonetheless, that Plaintiff's physician only rarely recorded any symptoms or complaints of the impairment. *Id.* Further noted are record references to Plaintiff's improvement with medications, to her calm affect and bright mood, and to the fact that she was optimistic and motivated. *Id.* The Commissioner concludes that "[s]uch evidence supports the ALJ's conclusion that Plaintiff's mental impairment did not cause limitations in her ability to work." *Id.*

While it is certainly possible that this was the conclusion reached by the ALJ, it was reached in his head and not in his written decision, and, accordingly, is not susceptible to judicial review. *See Grogan v. Barnhart,* 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."). *See also Drapeau v.*

---

[2] "[T]here is a specific two-step procedure that the Commissioner must follow when determining whether a claimant has a mental impairment. The Commissioner 'must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s).' 20 C.F.R. § 404.1520a(b)(1). Then the Commissioner evaluates the impact that the mental impairment has on the claimant's ability to function under 20 C.F.R. § 404.1520a(b)(2), *et seq.*" *Grogan v. Barnhart,* 399 F.3d 1257, 1264 (10th Cir. 2005).

[3] This conclusion appears with the ALJ's credibility determinations.

*Massanari,* 255 F.3d 1211, 1214 (10th Cir. 2001) ("we are not in a position to draw factual conclusions on behalf of the ALJ") (quotation omitted). Meaningful review of the ALJ's decision regarding Plaintiff's alleged mental impairment is not possible without written findings, and remand of the matter is required. *See Watkins v. Barnhart,* 350 F.3d 1297, 1301 (10th Cir. 2003).

### **RECOMMENDATION**

It is recommended that the decision in this case be reversed and the matter remanded to the Commissioner pursuant to 42 U.S.C. §405(g) for further proceedings consistent with this Report. The parties are advised of their right to object to this Report and Recommendation by September 29, 2005, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 9th day of September, 2005.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE